**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: ) | Chapter 7 |
| ) | |
| AE LIQUIDATION, INC., et al. ) | Case No. 08-13031 (MFW) |
| ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |
| ) | |
| JEOFFREY L. BURTCH, ) | |
| CHAPTER 7 TRUSTEE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 10-55478 (MFW) |
| ) | |
| HENRY PRODUCTION, INC., D/B/A/ ) | |
| PUMPS AND SERVICE ) | |
| ) | |
| Defendant. ) | |
| ) | |

**<u>MEMORANDUM OPINION</u>**[1]

Before the Court is the motion of Jeoffrey L. Burtch, chapter 7 trustee (the "Trustee") for AE Liquidation, Inc. (f/k/a Eclipse Aviation Corporation) and Eclipse IRB Sunport, LLC (collectively, the "Debtors") for leave to amend his preference Complaint (the "Original Complaint") against Henry Production, Inc. (the "Defendant") to increase the total amount being sought.

---

[1] In this Memorandum Opinion, the Court makes no findings of fact and conclusions of law. Fed. R. Bankr. P. 7052 (applying Fed. R. Civ. P. 52 (a) which provides that "[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, any other motion"). The facts recited are those alleged in the Complaint and relevant pleadings or reflected in the docket of this adversary proceeding and the bankruptcy case.

1

The Motion is opposed by the Defendant.  For the reasons stated below the Court will grant the Trustee's Motion and allow the Trustee 14 days to file an amended complaint.

I.   BACKGROUND

The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on November 25, 2008 (the "Petition Date").  On March 5, 2009, the Court converted the cases to chapter 7 of the Bankruptcy Code and the Trustee was appointed pursuant to § 702.

On November 19, 2010, the Trustee filed the Original Complaint against the Defendant seeking to avoid transfers of no less than $25,595.20 made during the ninety-day period prior to the Petition Date.  In the Original Complaint, the Trustee specifically identified one transfer made by check on August 27, 2008, in the amount of $25,595.20.  The Original Complaint also attached two spreadsheets as Exhibit A.  The first was a spreadsheet identifying only the specific August 27, 2008, transfer the Trustee was seeking to avoid.  The second was a spreadsheet that included a full history of transactions between the Debtors and the Defendant, including payment of eight invoices totaling $21,987.73 on October 22, 2008 (the "October Transfers") for which the Trustee could not identify a check or wire transfer payment.

The Defendant filed an Answer to the Original Complaint on

February 4, 2011, and filed its Initial Disclosures on April 5, 2011, which included a Preference Analysis Chart. That Chart showed payment from the Debtors of the October Transfers. The Trustee again searched the Debtors' records for documentation of the October Transfers but could find no correlating check, debit, or wire transfer in that amount.

On July 6, 2011, the Defendant filed responses to the Trustee's requests for discovery, which the Trustee asserts were misplaced and not reviewed until very recently. Upon recent review, the Trustee found therein an American Express payment authorization form and accompanying credit card receipts from October 22 and 24, 2008, representing payment for the October Transfers.

This adversary proceeding was referred to mediation and the first conference was jointly scheduled for November 10, 2011. On October 27, 2011, the Trustee informed the Defendant that he intended to amend the Original Complaint to include the October Transfers, causing the mediation conference to be rescheduled for January 25, 2012.

On November 8, 2011, the Trustee filed this Motion to amend his Original Complaint to include the October Transfers. The Defendant objected to the Motion and the matter is now ripe for decision.

II. <u>JURISDICTION</u>

The Court has subject matter jurisdiction over this core adversary proceeding.  28 U.S.C. §§ 1334 & 157(b)(1), (b)(2)(A), (F) & (O).

III. <u>DISCUSSION</u>

A.  <u>Standard of Review</u>

After a responsive pleading is served, a party may amend its complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  <u>See also</u> Fed. R. Bankr. P. 7015 (providing that Rule 15 is applicable to adversary proceedings).  The denial or granting of leave to amend is discretionary and absent "undue delay," "bad faith or dilatory motive[,] . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice," and "futility," leave to amend should be freely given.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  The "potential for 'undue prejudice [to the other party] is the touchstone for the denial of the leave to amend.'"  <u>Coventry v. United States</u>, 856 F.2d 514, 519 (3d Cir. 1988) (quoting <u>Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n</u>, 573 F.2d 820, 823 (3d Cir. 1978)).  There is a general presumption in favor of granting the moving party leave to amend.  <u>Boileau v. Bethlehem Steel Corp.</u>, 730 F.2d 929,

938 (3d Cir. 1984).

Rule 15(c)(1)(B) provides that an amended claim will relate back to the date of the initial pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  The "rationale of Rule 15(c) focuses on the notice given by the general fact situation stated in the original pleading" in determining whether an additional claim relates back.  <u>MBC Greenhouse Co. v. CTC Direct, Inc.</u>, 307 B.R. 787, 790 (Bankr. D. Del. 2004).

    B.   <u>Motion for Leave to Amend</u>

The Trustee contends that the Court should exercise its discretion and grant his Motion because none of the justifications for denial of leave to amend are present.  <u>Foman</u>, 371 U.S. at 182.  The Defendant argues, however, that the proposed amendment is time-barred because the statue of limitations has expired, and therefore, the amendment is futile.

The Trustee contends that the Amended Complaint should relate back because in the Original Complaint the Trustee reserved his right to amend the complaint to include additional transfers made to the Defendant during the preference period which may come to light during discovery.  <u>See</u> <u>Powermate Corp. v. Phoenix Int'l Freight (In re Powermate Holding Corp., et al.)</u>,

No. 08-10498(KG), 2011 WL 3654436, at *3 (Bankr. D. Del. Aug. 18, 2011) (granting a motion to amend a complaint where the original complaint stated that the plaintiff would also seek to recover additional preferential transfer amounts if the plaintiff learns of them through discovery or otherwise).  The Trustee also argues that, because the October Transfers were included on the second spreadsheet of the Original Complaint, the Defendant had notice of the October Transfers at the time of the Original Complaint.  See MBC Greenhouse, 307 B.R. at 791-92 ("the most important factor in determining whether to allow an amended complaint to relate back to the date of the original filing is whether the original complaint provided the defendant with sufficient notice of what must be defended against in the amended pleading").  Additionally, the Trustee asserts that the Defendant had actual notice as is evidenced by its acknowledgment of the October Transfers on its Preference Analysis Chart and its production of the payment authorization form and credit card receipts.

The Defendant responds that the Amended Complaint should not relate back to the Original Complaint because there is no "nexus between the factual allegations in the original pleading and those in the amended complaint."  Burtch v. Dent (In re Circle Y of Yoakum, Texas), 354 B.R. 349, 357 (Bankr. D. Del. 2006).  The Defendant notes that the Trustee's inclusion of a "savings clause" is insufficient to provide proper notice to the

6

Defendant.  See id.  The Defendant argues that the payments made to the Defendant were completely separate transactions, for different amounts, and not paid at regular intervals showing that they were not part of a systematic scheme.  MBC Greenhouse, 307 B.R. at 792-93 (holding that absent a claim that a series of payments were systematic or schematic, they did not arise out of the same "conduct, transaction, or occurrence" cited in the original pleading).  Further, the Defendant argues that the Original Complaint only seeks recovery of one transfer made by check to the Defendant but the Amended Complaint seeks to assert a claim for several credit card payments, which implicates a different defense from the previously pleaded payment by check.  Therefore, the Defendant argues it would be unduly prejudiced if the Court allows the Amended Complaint to relate back to the Original Complaint.

To prove that it will be prejudiced by the amendment, however, the Defendant must show that it "was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have been offered had the . . . amendments been timely."  Dole v. Arco Chem. Co., 921 F.2d 484, 488 (3d Cir. 1990).  The Defendant has made no showing that it has been disadvantaged or deprived of an opportunity to present evidence simply because the October Transfers were not included in the Original Complaint.  In fact, it was the Defendant who

provided the Trustee with the evidence to support the additional claims and thus the Defendant knew of the evidence before the Trustee. Though the Defendant argues that the defense it will present against a credit card charge is different from the defense of a check, the Defendant will still have a full opportunity to present its case in response to the Amended Complaint. While the Defendant is correct that standing alone, the "savings clause" in the Original Complaint is not sufficient notice for the amended claims to relate back, the Trustee also included a spreadsheet in the Original Complaint which expressly listed the October Transfers. The Defendant's inclusion of those transfers on its Preference Analysis Chart shows it had notice of the October Transfers from the Original Complaint.

IV. CONCLUSION

For the reasons set forth above, the Court will grant the Trustee's Motion for leave to amend.

An appropriate Order is attached.

Dated: January 6, 2012               BY THE COURT:

                                     _____
                                     Mary F. Walrath
                                     United States Bankruptcy Judge